THOS. C. WOODS' ADM'R, ETC., *v.* JOSEPH MITCHELL.

**Attorney and Client—Negligence of Attorney—Liability to Client.**

Attorneys who took a note for collection, brought suit on the note and obtained judgment thereon, had execution issued, and the amount of the judgment collected by the deputy sheriff, were held liable to judgment plaintiffs, where the attorneys failed and neglected to collect the money from the sheriff or his deputy, and it was lost to the judgment creditors.

APPEAL FROM MARION CIRCUIT COURT.

February 25, 1873.

OPINION BY JUDGE PETERS:

In 1859 appellee sent a note which he held by assignment on E. G. Martin and others for upwards of $200 to the late law firm of Shuck & Woods, residing and practicing their profession in Lebanon.

They retained a fee of $5 out of a debt they collected for appellee on a Mr. Abell for their service.   On the note thus sent to them they brought suit in the Marion Circuit Court, recovered judgment against the obligors, had execution thereon, and after the debt had been replevied it seems to have been collected by Gartin, a deputy of Goodwin, sheriff of Marion County, execution having been issued on the replevin bond; but the sheriff and his deputy failed to pay the amount to the attorneys, or either of them, and the transaction seems to have faded from their memory, and no correspondence took place between them and their client until about the 20th of February, 1863, when in a reply to a letter the attorneys informed him that

the deputy into whose hands the execution was placed was then dead, the principal broke, and if the money had been paid on the execution to the sheriff, or his deputy, it would be necessary to sue the sureties of the sheriff for the debt, as he was insolvent.

The correspondence between the parties seems to have been suspended until 1864, and on the 7th of November of that year Shuck and Woods wrote appellee, acknowledging that they had lost sight of the debt, apologizing for their seeming neglect, and towards the close of that letter they say: "We will not rest under any sort of unpleasant reflections, and you certainly shall have your money if we have to pay it ourselves.

"The difficulty in now pursuing the sheriff and his sureties is that we can not tell anything about the number of the fi. fa., its date, amount, what sheriff's bond to sue on, who were the sureties, etc., etc.; indeed, every essential fact to be known is in the dark. So that if you do not feel perfectly right with less we must pay you the debt."

In 1870 this action was brought against Shuck, the surviving partner, and the personal representative of Woods, he having died, to coerce the payment of the claim from them.

The petition charges them with neglect and inattention to the collection of appellee's debt, and in consideration of such negligence they promised and undertook in writing to pay the debt, and filed the letter from which the extract herein is made.

The very elaborate answer puts in issue only the fact whether or not that said law firm agreed and undertook to collect the debt of appellee, and by way of avoidance they allege an effort on their part to compel the sureties of the sheriff to pay the debt, but were prevented by the burning of the Marion Circuit Court clerk's office, books, papers, etc.

On the trial by a jury a verdict was rendered in favor of appellee for $333.50 and a judgment rendered in conformity thereto, from which Shuck, etc., have appealed.

We can not concur with the attorneys of appellants that the jury should have been instructed that Shuck & Woods did not undertake to collect the debt, and that they discharged their obligation by bringing the suit and recovering the judgment. They do not assume that ground in their letters to appellee and filed in this cause.

The instructions given at the instance of appellee presented the

question of law arising in the case to the jury fairly, while the most of those asked by appellant were abstract, and not applicable, and the evidence warranted the finding. Wherefore the judgment if *affirmed*.

*Rountree, Harrison*, for appellant.

*Russell, Averett*, for appellee.